**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES EDWARD JONES, SR.                                                        PLAINTIFF
ADC #144544

v.                                            5:16CV00278-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      INTRODUCTION

Charles Edward Jones, Sr. ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C.

§ 1983.  (Doc. No. 1.)  He complains that the prison mail system is flawed and it takes too long for

mail to be received.  (*Id.* at 1-2.)  By way of example, he reports a letter mailed from the Court on

April 8, 2016, was not received until April 25, 2016.  (*Id.* at 1.)  The Court mailed him another letter

on May 4, 2016, and he did not receive it until June 13, 2016.  (*Id.* at 1-2.)  Plaintiff says, *inter alia*,

Defendant Kelley has violated his due process rights and has deprived him of his right of access to

the courts.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

2

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided the inmate with an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlaying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008). An inmate sustains an actual injury when a nonfrivolous legal claim has been frustrated or impeded. *Id*. Alleging theoretical inadequacies is insufficient. *Id.* The inmate must show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement, which because of the inadequacies in the prison law library, the prisoner could not have known, or that the prison law library was so inadequate that it prevented him from filing a complaint for actual harm. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Myers*, 101 F.3d at 544.

Plaintiff states his only injury was that a delay cost him the opportunity to petition the United States Supreme Court for "rehearing en banc after the denial of certiorari on June 06 2016 hindering

plaintiff [*sic*] opportunity." (Doc. No. 1 at 2.) Plaintiff's injury fails to amount to the "... hindrance of a nonfrivolous and arguably meritorious underlaying legal claim." *Hartsfield* at 831-32. Therefore, his Complaint should be dismissed on this basis alone.

Plaintiff also states Defendant Kelley violated his due process rights by failing to have a "proper way [or] orderly fashion of getting legal mail to a plaintiff or any inmate when the individual has been transferred to another [unit] such as plaintiff which is [their] fiduciary duty." After closely reviewing Plaintiff's Complaint, I find his alleged facts do not raise due process claims.

Lastly, Plaintiff's Complaint reveals no personal involvement by Wendy Kelley. Rather, Plaintiff has sued Ms. Kelley in her capacity as Director of the Arkansas Department of Correction. But without personal involvement on the part of Defendant Kelley, Plaintiff's claims fail. *See Szabla v. City of Brooklyn Park,* 486 F.3d 385, 397 (8th Cir. 2007) (no *respondeat superior* liability under § 1983, and no liability merely because official employs the individual who allegedly violated the plaintiff's constitutional rights); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility). So dismissal on this basis is also appropriate.

From a common sense standpoint, it is understandable why Mr. Jones believes he has been wronged. Yet, his claims simply fail to amount to constitutional issues.

## IV.   CONCLUSION

I have carefully reviewed his Complaint and accompanying documents and find Plaintiff has failed to state a claim upon which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to

4

state a claim upon which relief may be granted.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 1st day of December, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE